UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

    Plaintiff,

Case No. 19-cv-10259
Hon. Matthew F. Leitman

v.

MICHAEL WARNER,

    Defendant.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 23) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 22), (2) ADOPTING THE DISPOSITION RECOMMENDED BY THE MAGISTRATE JUDGE, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13), AND (4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18)**

Plaintiff Scott Sedore is an inmate in the custody of the Michigan Department of Corrections (the "MDOC"). On January 25, 2019, Sedore brought this pro se action under 42 U.S.C. § 1983 against Defendant Michael Warner, an MDOC corrections officer. (*See* Compl., ECF No. 1.) Sedore alleges that Warner violated the Eighth Amendment by failing to address Sedore's serious medical needs. (*See id.*)

Both parties have moved for summary judgment. (*See* Pl.'s Mot. for Summ. J., ECF No. 13; Def.'s Mot. for Summ. J., ECF No. 18.) On September 27, 2019, the assigned Magistrate Judge issued a Report and Recommendation in which she

1

recommended that the Court deny both motions for summary judgment and that the case proceed to the discovery phase (the "R&R"). (*See* R&R, ECF No. 22.) Sedore has now timely filed objections to the R&R (the "Objections"). (*See* Objections, ECF No. 23.) Warner has not filed any objections to the R&R.

For the reasons explained below, the Court **OVERRULES** Sedore's Objections (ECF No. 23), **ADOPTS** the disposition recommended by the Magistrate Judge (ECF No. 22), **DENIES** Sedore's motion for summary judgment (ECF No. 13), and **DENIES** Warner's motion for summary judgment (ECF No. 18).

# I

Sedore claims that he suffers from "bilateral pulmonary scarring" and "chronic lung disease." (Compl., ECF No. 1, PageID.35–36.) To treat these conditions, prison medical officials prescribed Sedore with an albuterol inhaler. (*See id.* at PageID.40.) When his inhaler was nearly expired, Sedore would file a request for a replacement. (*See id.* at PageID.39–41, 44–45, 49–51.) But prison medical officials required Sedore to follow a special procedure if he used his inhaler beyond the prescribed dosages and ended up needing an early refill. In that event, he would "have an officer call over to health services to get a Nursing evaluation." (*Id.* at PageID.41.)

Sedore filed inhaler refill requests on January 4, 2018, and January 8, 2018, but he had not received a refill by January 10, 2018. (*See id.* at PageID.49–50.)

Sedore alleges that, at approximately 6:40 a.m. on January 10, 2018, he "informed [Warner] that he had been out of his inhaler medication for several days, that as a result he was experiencing an '*emergent*' health issue, i.e., difficulty breathing, and he requested [Warner] to contact healthcare services on his behalf by telephone." (Pl.'s Mot. for Summ. J., ECF No. 13, PageID.126; emphasis in original.) Sedore says he told Warner "that it felt like an elephant was sitting on [Sedore's] chest [and] like [he] was drowning." (Resp., ECF No. 20, PageID.191.) According to Sedore, although he repeated this request to Warner at approximately 8:30 a.m., Warner did not contact healthcare services. (*See* Pl.'s Mot. for Summ. J., ECF No. 13, PageID.126.) Sedore alleges that he continued to experience pain until, at approximately 3:00 p.m., he went to the medication line and obtained a replacement inhaler from the clinic stock. (*See* Compl., ECF No. 1, PageID.22.)

The Court received Sedore's complaint on January 25, 2019. (*See id.*) On March 12, 2019, the case was stayed so that the parties could participate in the *Pro Se* Prisoner Early Mediation Program. (*See* Order Staying Case, ECF No. 7.) The stay was lifted on May 22, 2019. (*See* Order Lifting Stay, ECF No. 10.) On July 8, 2019, Sedore filed a motion for summary judgment. In that motion, he argues that Warner was deliberately indifferent to his (Sedore's) serious medical needs. (*See* Pl.'s Mot. for Summ. J., ECF No. 13.) On August 6, 2019, Warner filed his own motion for summary judgment. In that motion, he contends that (1) Sedore has not

established either a serious medical need or deliberate indifference by Warner and (2) he (Warner) is entitled to Eleventh Amendment and qualified immunity. (*See* Def.'s Mot. for Summ. J., ECF No. 18.)

On September 27, 2019, the Magistrate Judge issued a detailed and well-reasoned Report and Recommendation on the two pending motions for summary judgment. (*See* R&R, ECF No. 22.) The Magistrate Judge recommended that the Court deny both motions. (*See id.*)

First, the Magistrate Judge concluded there was a genuine issue of fact as to whether Warner "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." (*Id.* at PageID.216; quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).) The Magistrate Judge highlighted that Sedore and Warner had offered conflicting testimony about whether Warner heard Sedore say "that it felt like an 'elephant' was on his chest or that he was 'drowning.'" (*Id.*) The Magistrate Judge determined that "[a]t this stage of the case, the Court should not decide which party's testimony is credible." (*Id.*) The Magistrate Judge also pointed to "several factors that seem to discredit Plaintiff's case." For example, "the record contains no documentation of adverse physical consequences arising from the January 10 incident." (*Id.* at PageID.217.) Also, Warner testified that Sedore "did not 'exhibit[] any signs of an urgent medical need' when he asked [Warner] to contact healthcare." (*Id.*) Although "a reasonable juror [could find] Plaintiff's testimony credible," the Magistrate Judge

4

determined that neither party had made a sufficient showing to win at the summary judgment stage. (*Id.*)

Second, the Magistrate Judge concluded that Warner was not entitled to qualified immunity. The record, "if construed in a light most favorable to Plaintiff, would show that Defendant violated the Eighth Amendment." (*Id.* at PageID.218.) And Warner's alleged actions violated clearly established law, because "a reasonable person in Defendant's position would have been on notice that denying medical care to an inmate who is experiencing chest pain and breathing problems violates the Eighth Amendment." (*Id.* at PageID.219.)

On October 10, 2019, Sedore filed his objections to the R&R. (*See* Objections, ECF No. 23.) Sedore listed twenty-four objections, but he appears to raise two general arguments. First, Sedore argues that the Magistrate Judge erred when she concluded there was a genuine issue of fact as to whether Warner was deliberately indifferent to Sedore's alleged serious medical condition. (*See id.* at PageID.222–25.) Second, Sedore argues "that there was absolutely no mention specifically what reason's or why *any* part of my motion for summary judgment . . . was denied[.] The magistrate never gave *any* reason why motion was denied for Plaintiff[.] She never spoke about my motion in her Report and Recommendation to deny it, she just denied it for no reason I guess[.]" (*Id.* at PageID.226; emphasis in original.)

5

Warner did not file an objection to the Magistrate Judge's recommendation that his motion for summary judgment be denied.

## II

Where a party objects to a portion of a Magistrate Judge's report and recommendation, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the report and recommendation to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III

The Court overrules all of Sedore's objections.

First, the Court agrees with the Magistrate Judge that there is a genuine issue of fact as to whether Warner was deliberately indifferent to Sedore's serious medical condition. To establish deliberate indifference, "an inmate must show that the alleged mistreatment was 'objectively' serious and that the defendant[] 'subjectively' ignored the inmate's medical or safety needs." *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006). The subjective component requires showing that the "official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

6

the inference." *Farmer*, 511 U.S. at 837. There is a genuine issue of fact as to whether (a) Warner was aware of facts from which he could infer that Sedore was in risk of serious harm and (b) Warner actually drew that inference. Sedore and Warner provided conflicting testimony about whether Sedore told Warner "that it felt like an 'elephant' was on his chest or that he was 'drowning.'" (R&R, ECF No. 22, PageID.216.) And Warner points to other factors – including the absence of documentation of Sedore suffering adverse consequences and Warner's testimony that Sedore did not exhibit any signs of an urgent medical need – that, if true, suggest he was not aware of a substantial risk of harm to Sedore. (*See id.* at 217.)

Second, the Court disagrees with Sedore that the Magistrate Judge "never gave *any* reason" why his motion was denied. (Objections, ECF No. 23, PageID.226.) The Magistrate Judge carefully reviewed the record and determined that both parties' motions for summary judgment should be denied because there was a genuine dispute of material fact as to whether Warner was deliberately indifferent to Sedore's alleged serious medical condition. She explained that Sedore's testimony conflicted with Warner's and that "the Court should not decide [at the summary judgment stage] which party's testimony is credible." (R&R, ECF No. 22, PageID.216.) She also noted that Warner "raises several factors that seem to discredit Plaintiff's case." (*Id.* at PageID.217.) Simply put, the Magistrate Judge provided reasons – the right ones – for denying Sedore's motion.

7

## IV

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

- Sedore's Objections to the R&R (ECF No. 23) are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 22) is **ADOPTED**;

- The motion for summary judgment by Plaintiff Sedore (ECF No. 13) is **DENIED**; and

- The motion for summary judgment by Defendant Warner (ECF No. 18) is **DENIED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764